UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20156-CR-SEITZ

UNITED STATES OF AMERICA,

v.

BLANCA RODRIGUEZ,

    Defendant.
_____/

### ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE OR ALTERNATIVELY PERMISSION TO TRAVEL TO COLOMBIA

THIS MATTER came before the Court on Defendant's Motion for Early Termination of Supervised Release or Alternatively Permission to Travel to Colombia [DE 39]. The Government filed an opposition to the Motion [DE 40]. Defendant did not file a reply. After considering the motion, the record, 18 U.S.C. §§ 3583(e)(1) and 3553(a), and Ms. Rodriguez's conduct and efforts to satisfy her restitution obligation to date, the motion must be denied because of the amount of restitution outstanding.

In 2016, Ms. Rodriguez pled guilty to five counts of health care fraud and was sentenced to 28 months' imprisonment followed by three years of supervised release and ordered to pay restitution of $419,754.00. [DE30]. Defendant's Motion requests early termination of her supervised release because she has completed approximately two-thirds of her term of supervised release. She states that her adult daughter is willing to pay $1000.00 a month towards her restitution if the Court terminates her supervised release early. Alternatively, Defendant requests permission to visit her

family in Colombia, with her daughter paying her travel expenses. The Government opposes the motion noting that Defendant has paid only a fraction of her restitution.

As to Defendant's request to travel internationally, the Court recognizes that Ms. Rodriguez likely is not a flight risk. She is married, owns a home in the area and her daughter also lives in the area. Additionally, while on supervised release, she previously travelled to Colombia and returned without incident. Her probation officer advised the Court that she has not been a problem during supervised release.

Nevertheless, Defendant still owes a large amount of restitution. Defendant was released from custody on October 19, 2018. Since that time, she has only paid $12,255 towards her obligation and as of mid-December 2020, still owes $419,754. She currently pays $50.00/month because she is unemployed, and even when she was employed, she only paid $80.00/month. Thus, although the Court is sensitive to Ms. Rodriguez's desire to visit with her family, the Court must also take into consideration the interests of the victims and the community. Throughout her time on supervised release, Ms. Rodriguez has only made minimum payments, with no efforts beyond that to make the victims whole.

Further, although the Court understands that it may be difficult for the Defendant, who is sixty-two, to find a safe job during COVID, her willingness to travel internationally during this time undercuts her purported concerns. Similarly, although she doesn't have enough money to pay more than the minimal monthly amount towards restitution, any time she spends out of the country is time that she is not working or seeking work for purposes of satisfying her financial obligation.

Further, it is curious that Defendant's daughter will assist in helping pay down her restitution if her supervised release is terminated early, but apparently will not assist in making the victims whole otherwise. Simply put, before the Court will permit her to travel internationally, Ms. Rodriguez must make a more concerted effort to pay her restitution obligation.

As to Defendant's request for early termination of supervised release, the Court has carefully considered Defendant's Motion, the record, including the nature of Defendant's conviction and the 18 U.S.C. § 3553(a) factors. These factors require a court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e)(1); 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (B), (a)(7); *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017).

Here, while Defendant is congratulated for her stable home life and positive conduct while on supervised release, she has not made significant efforts to satisfy her restitution obligation. Such efforts fall short of allaying the concerns whether the restitution owed to the victims in this case will be satisfied. Therefore, it is

**ORDERED** that Defendant's Motion for Early Termination of Supervised Release or Alternatively Permission to Travel to Colombia [DE 39] is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 8th day of January 2021.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   All counsel of record